UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CONNIE STEELMAN, Individually,

    Plaintiff,

v.                                          Case No. 6:12-cv-3077

FOXBOROUGH SUITES, LLC,
DBA: FOXBOROUGH INN & SUITES,

    Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, CONNIE STEELMAN, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, Foxborough Suites, LLC d/b/a Foxborough Inn, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Martin County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is also a resident of Salem Missouri for approximately six months each year. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, Foxborough Inn & Suites, is located in the County of Taney, at 235 Expressway Lane, Branson, Missouri 65616.

3. Venue is properly located in the Western District of Missouri because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of her disability and have endangered her safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if she wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Foxborough Inn & Suites.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Foxborough Inn & Suites not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Defendant's facility has shown that violations exist. These violations include, but are not limited to:

A. There is not at least one accessible route provided within the boundary of the site from public transportation stops, which are provided, and public streets or sidewalks, to an accessible building entrance in violation of ADAAD 4.1.2.1.

B. There is not an accessible route from the accessible parking spaces to the building entrances on the accessible parking space which is in violation of ADAAG 4.1.2.1. The only accessible route to the building entrance are by vehicle route behind all the parked vehicles.

C. There is a change of level exceeding 1/4" from the asphalt to the existing entrance in violation of 4.5.2.

D. The accessible route, and the accessible parking spaces are not level; their surface slopes exceed 1:50 (2%) in all directions in violation of ADAAG 4.6.3.

E. The accessible parking spaces do not have van accessible access Aisles which would hinder a person with a disability from exiting his/her vehicle in violation of ADAAG 4.6.3.

F. The hardware provided on the entrance doors is flat, and, therefore requires tight grasping, tight pinching in violation of ADAAG 4.13.

G. The doors are not automatic or power assisted and do not have a maneuvering space in violation of ADAAG 4.13.6.

H. There are accessible routes in the facilities less than 36 inches as provided as ADAAG 4.3.

I. The public accommodation has not made reasonable modifications in policies practices or procedures when necessary to afford goods services facilities, privileges, and advantages. This includes movable tables in violation of Section 36.302 28 CFR Part 36.

J. The counters where services are provided are above 36" in violation of ADAAG 7.2.

K. The pool provided has no accessible entrances in violation ADAAG.

L. The hotel does not have the proper number of accessible guestrooms and the rooms are not properly distributed among the four types of rooms as per ADAAG 9.2.3.

M. There are permanently designated interior and exterior spaces without proper signage in violation of Section 4.1 and 4.30 of the ADAAG.

N. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against

5

Case 6:12-cv-03077-RED   Document 1   Filed 02/10/12   Page 5 of 8

the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter 235 Expressway Lane to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

*[signature]*

David A. Weidner
The Weidner Law Firm, LLC
PO Box 280168
Kansas City, Missouri 64128
PHONE: (816) 719-0816
FAX: (816) 817-0906
davidweidnerlaw@gmail.com
E.D. Bar No.: 60845MO
Of Counsel to Thomas B. Bacon, P.A.
Attorneys for the Plaintiff