UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CONNIE STEELMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | )   Civil Action No. 6:12-cv-3077 |
| FOXBOROUGH SUITES, LLC, D/B/A FOXBOROUGH INN & SUITES, | ) ) ) ) |
| Defendant. | ) |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM AND
## MEMORANDUM OF LAW IN SUPPORT OF MOTION

**COMES NOW**, Foxborough Suites, LLC, d/b/a Foxborough Inn & Suites ("Foxborough"), and requests that the court dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for failing to state a claim upon which relief may be granted and for lacking subject matter jurisdiction.[1] In support thereof, Foxborough states as follows:

### INTRODUCTION

Plaintiff filed this suit on February 13, 2012. Her complaint alleges that Foxborough's property, a place of public accommodation, is not compliant with the requirements of the ADA. Plaintiff alleges that Foxborough failed to properly modify this property to be fully accessible to those with disabilities as required by the ADA and its guidelines

Plaintiff alleges that her residence is in Martin County, Florida. Complaint at ¶1. She also states that she resides in Salem, Missouri, for approximately six months of each year.

---

[1] Foxborough filed its answer in this case on February 29, 2012. The Rule 12(b)(1) and (b)(6) defenses were not raised in that responsive pleading and no pre-pleadings motion to dismiss was filed. However, pursuant to Rule 12(h)(2), even after the pleadings are completed the defense of failure to state a claim upon which relief can be granted may be raised as a Rule 12(c) motion for judgment on the pleadings or at trial. As the pleadings stage has been completed and the matter is not yet at the trial stage, Foxborough respectfully requests that its 12(b)(6) motion to dismiss be treated as a Rule 12(c) motion for judgment on the pleadings. Pursuant to Rule 12(h)(3), the issue of lack of subject matter jurisdiction may be raised at any time.

Complaint at ¶ 1. Salem, Missouri, is approximately 150 miles from Defendant's location in Branson, Missouri.

Plaintiff's petition states that she is "bound to ambulate in a wheelchair" without stating the conditions of her disability. Complaint at ¶ 1. She also alleges that she visited the Foxborough property but does not specify the actual date(s) of such visit. Complaint at ¶ 5. Plaintiff alleges that she "plans to return to the property to avail herself of the goods and services offered to the public at the property, and determine whether the property has been made ADA compliant." Complaint at ¶ 5. The complaint further alleges that Foxborough has "architectural barriers" that discriminate against her and prevent her from returning to the property. Complaint at ¶ 5. Plaintiff sets forth a list of such architectural barriers that allegedly are discriminatory against her and have caused her direct and indirect injury. Complaint at ¶¶ 6, 10 A-N. Plaintiff's petition requests a declaratory judgment stating that Defendant violated the ADA, injunctive relief requiring Defendant to make necessary alterations to the property and reasonable modifications as needed, and attorney's fees and litigation costs. Complaint at ¶¶ 13-16.

## RELEVANT LAW

**Standing**

Federal court jurisdiction is granted in Article III of the United States Constitution, but is limited to actual cases and controversies. To invoke the jurisdiction of the federal courts under this limitation, a plaintiff must fulfill certain necessary elements to show they have standing. A plaintiff must aver facts to prove (1) that she suffered an "injury-in-fact," (2) a causal relationship between the injury and the disputed action, and (3) that the injury will likely be rectified by a decision in her favor. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). With respect to an ADA claim such as the one brought in the instant matter, a plaintiff has suffered the requisite injury-in-

fact when a barrier deprives her of full and equal enjoyment of a public facility because of the plaintiff's physical disability. *Chapman v. Pier 1 Imports (USA), Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

Further, to allege a violation of the ADA and request injunctive relief, a plaintiff must aver that she was denied full and equal enjoyment of the subject property because of her disability. *Id.* She may sue for injunctive relief as to that barrier and other barriers related to her specific disability if she demonstrates she was deterred from returning based upon the barrier or that she was injured in fact but intended to return and would be thusly further disadvantaged. *Id.* However, "[a] 'mere physical or theoretical possibility' that the challenged conduct will again injure the plaintiff is insufficient to establish a present case or controversy." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 766 (9th Cir. 1987) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

Courts employ the several factors in determining whether a plaintiff logically has a likelihood of future injury. Those factors include: (1) the proximity of the business to plaintiff's residence, (2) the plaintiff's past patronage of the business, (3) the definitiveness of plaintiff's intent to return, and (4) the frequency of travel near the subject property. *Molski v. Arby's Huntington Beach*, 359 F.Supp.2d 938, 947n.10 (C.D. Cal. 2005). In analyzing factor (3), indefinite, "'some day'" plans to return without any solid indication of when that return may occur are not sufficient to find the requisite intent to return. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). When a plaintiff does not have a concrete plan to return, the court could find this factor to be satisfied by relying on supporting facts stated in the complaint that indicate the likelihood of a return trip. *See Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1164 (C.D. Ca. 2005). However, "[c]ourts have found that a ***serial plaintiff's extensive litigation history*** can

undercut a professed intent to return." *Id.* (emphasis added). Further, the greater the distance between the plaintiff's residence and the defendant's facilities, the greater the weight against the finding of an intent to return. *Id.*; *Access 4 All, Inc. v. Wintergreen Commercial Partnership, Ltd.*, 2005 WL 2989307*4 (N.D. TX. 2005).

### Fact Pleading

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard was analyzed by the Supreme Court in *Ashcroft v. Iqbal*, and the court found that a facts pleaded must be something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S. Ct. 1937, 1949 (2009). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2006)). Finally, a complaint will not stand if it presents bald conclusions without stating any further supportive facts. *Id.*

"'[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Lujan*, 504 U.S. at 564 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

### ARGUMENT

#### I. Subject Matter Jurisdiction and Standing

In the instant matter, Plaintiff's petition does not aver sufficient facts to establish her standing to bring this case. As previously stated, the burden rests on Plaintiff to allege an injury-in-fact, the causal relationship between such injury and Foxborough's actions, and that the injury is likely to be redressed by a decision in Plaintiff's favor.

4

The first factor, injury-in-fact, requires Plaintiff to allege the specific harm she encountered at Foxborough's facility. As stated in the ADAAG, an architectural boundary that prohibits Plaintiff from fully using or enjoying the facilities is sufficient to show injury-in-fact. However, Plaintiff's claims are limited by law to her inability to use the facilities as a result of her specific physical disability. Since Plaintiff requested injunctive relief, she must also prove that Foxborough's alleged violation of the ADA has deterred her from returning to the property or presents immediate danger of repeated injury to her upon her return.

The court's determination of the likelihood that Plaintiff will return to Foxborough's facility should be based on several factors, including Plaintiff's proximity to Foxborough's property. Plaintiff's petition avers that she lives in Florida for half of the year and in Salem, Missouri, for the rest of the year. Salem, Missouri is over 150 miles away from Foxborough's facility in Branson, Missouri. Courts have consistently held that a distance greater than 100 miles away weighs against the establishment of standing. *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1164 (C.D. Ca. 2005). Under that standard, Plaintiff's place of residence clearly lacks the proximity to Foxborough's facility that is necessary to establish standing.

Secondly, courts consider the nature and extent of a plaintiff's past visits to the subject facility. *Molski*, 405 F.Supp.2d at 1164 ("'Where a plaintiff has visited a restaurant only once, the lack of a "history of past patronage seems to negate the possibility of future injury at [that] particular location.'" (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F.Supp.2d 1065, 1079 (D. Haw. 2000)). In this case, Plaintiff does not claim to have made any previous visits to Foxborough and fails to describe the frequency of any previous trips to the Branson area. Further, Plaintiff offers no explanation for her purpose of visiting Foxborough.

5

Finally, courts weigh a plaintiff's actual intent to return to the facilities in question. Plaintiff's complaint vaguely states that she wishes to visit in the future to ensure compliance with the ADA regulations but does not state the specific times of future visits. She does not present any concrete description of her return plan or even provide possible reasons for a trip to the Branson area. Plaintiff fails to even allege that she will be in the proximate area of the Foxborough facility. Plaintiff's allegation that she intends to return to the facility is not specific enough to comply with the factors listed in *Molski*. Further, the distance of her primary residences from Foxborough's facility weighs strongly against a finding that she has any actual intent to return. Also weighing against Plaintiff's intent to return is her extensive litigation history on this subject matter. Plaintiff has filed twenty suits alleging ADA violations in 2012 thus far. Additionally, in previous years she filed numerous other suits in Florida and Missouri on the same topic.

**Failure to State a Claim upon Which Relief can be Granted**

Plaintiff's petition fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). As stated in *Iqbal*, a complaint may not merely recite the elements of a cause of action followed by conclusory statements. The statement of supporting facts in the pleading is vital to a successful claim for relief.

In this case, Plaintiff's pleadings state several conclusive allegations without averring supporting facts specific to the Foxborough facilities. Plaintiff states that she "visited the property," "plans to return," "encountered architectural barriers," "suffered and will continue to suffer direct and indirect injury," "has a realistic, credible, existing and continuing threat of discrimination," and "ha[s] been denied access to, and ha[s] been denied the benefits of services, programs, and activities." Complaint at ¶¶ 5, 6, 8, 11. Conclusions such as these are clearly

discussed in *Twombly* as being formulaic recitations of the elements and are to be ignored by the court.

Plaintiff failed to state the date and year of her travel to Foxborough's facilities. Without this information, it cannot be determined if Plaintiff's claim is outside the applicable statute of limitations. Further, if Foxborough remedied the alleged violations since the time of Plaintiff's visit, Plaintiff's claim is mooted by Foxborough's current compliance with the ADA. As stated in *Lujan*, Plaintiff does not have a case if the controversy does not currently exist.

Additionally, the allegations stated in Plaintiff's complaint list 14 purported violations of the ADA's requirements. Each allegation recites an ADAAG provision and states that Foxborough violated the provision. However, Plaintiff does this without pleading any facts to support the allegation or demonstrate how Foxborough failed to comply. Plaintiff does not provide any actual measurements from the Foxborough property or descriptions of the alleged violations with specificity to its facility. Additionally, Plaintiff's list of purported violations does not state with particularity how these violations discriminate towards her with regard to her specific disability. She also fails to deny that they are not small construction issues that are tolerated by ADAAG 3.2, which states that "all dimensions are subject to conventional building industry tolerances for field conditions."

Plaintiff's lack of supporting facts for her allegations of ADAAG violations renders her pleading insufficient under *Iqbal* to stand as a fact based pleading. Throughout her pleading, Plaintiff alleges bald conclusions and recites elements of a cause of action without support. For the above reasons, Plaintiff fails to state a cause of action upon which relief can be granted.

## CONCLUSION

7

For the above reasons, Defendant Foxborough respectfully requests that the court dismiss Plaintiff's petition, that costs and attorney's fees be taxed to Plaintiff, and for such and further relief as to the court seems meet and just.

>
> Respectfully submitted,
>
> **SMITH & TURLEY**
> 243 VFW Memorial Drive - St. Robert
> Post Office Box 494
> Waynesville, Missouri  65583
> Telephone:     573/336-5222
> Facsimile:     573/336-2282
> tyce@smithturley.com
>
>
> By:     /s/ Tyce S. Smith
>                 Tyce S. Smith            #26703MO

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System this 29th day of February, 2012.

> By:     /s/ Tyce S. Smith
>                 Tyce S. Smith            #26703MO